Judge Wood
delivered the opinion of the court:
This is an action of assumpsit, brought here for decision from the county of Fairfield, founded on a promissory note, executed by the defendants on January 25, 1820, payable to the order of Nathaniel F. Stone, for six hundred dollars, four months after date, at the Franklin Bank of Columbus, and indorsed by the payee to the plaintiff.
The defendant has plead: 1. The general issue. 2. A special plea in bar, setting forth that the note was made by Vance as principal, and by the other defendants as securities for the accommodation of Vance, and was indorsed by the payee and the plaintiff for the accommodation of Vance, and for the special purpose of discount at the Franklin Bank of Columbus, and was placed in the hands of the payee with that design only; that the note was presented at the bank, and its discount refused ; of all which premises the plaintiff had notice. That the plaintiff’s name, as an indorser, was then, by the procurement of the plaintiff, and with a fraudulent intent, stricken from the note, and the blank filled with an indorsement over the name of Nathaniel F. Stone, the payee; and the note thus indorsed, delivered to the plaintiff, as the indorsee, without consideration.
If this plea be true, the note has been given a circulation ^contrary to the agreement of the parties, differing from the [247 special purpose for which it was executed and delivered, with the full knowledge of the holder, without consideration, and the plaintiff is not entitled to recover. Dennison v. J. L. Bacon et al., 10 Johns. 198. In this case the note was made for the purpose of being discounted at a bank; it was offered and rejected. The court say : “ The object of it failed; it should have been returned to the parties who gave it; it was fraudulent in the payees to negotiate it and send it into the world without notice of the agreement under which it was drawn and received. The plaintiff is, *254 therefore, not entitled to recover.” The same principle is also recognized in the case of Woodhull v. Holmes, Id. 231.
What, then, is the proof to support this plea? The first in order, for our consideration, is a receipt, executed by the payee to Vance, at the time the note was made and delivered, and which is in the following words : “ Eeceived, Dayton, January 6, 1830, of Jacob L. Vance, a note, signed by himself, Abraham Harrison, and Eouben Dove, payable at the Franklin Bank of Columbus, in four months from January, 1830, for six hundred dollars, which note, if discounted at said bank, five hundred dollars is to be applied to said Vance’s credit, with the late firm of Stone & Bostwick.” Signed, “Nath’l F. Stone.”
It is claimed that this paper, executed at the time between the parties, is to be considered as their entire contract, in relation to the note; that it can not be enlarged, restrained, contradicted, nor varied, by parol testimony, of any agreement made before, or' at the time of its execution, unless there is some latent ambiguity. This is, in our view, a well-settled principle, and one which ought not to be overthrown. The evidence which this paper furnishes, then, in support of the plea, is, that this was an accommodation note, made and delivered for the special purpose of discount at the Franklin Bank of Columbus, and five hundred dollars of the avails to be applied to the credit of Yance, on the books of Stone & Bostwick. So far, this contract can not be misunderstood. If it be said the paper in question is a receipt, which the law permits to be explained, the answer is, that this principle only extends'to an instrument taken as evidence of the delivery of property, or evidences of' property, and not to instruments containing entire contracts between the parties, although the word “ received ” may be used in some part of the contract. It is claimed, however, that 248] *there is no express provision in this contract, what shall be done with the balance oí the note, if discounted, or if not, what shall be done with the note itself; that here is an ambiguity which will admit parol testimony, to explain the whole transaction. We think not. Our opinion is, that there is a plain and obvious construction which the law raises from this agreement, and which is as much a part of it as if it were contained within its express provisions. If discounted, say the parties, five hundred dollars shall be applied to Yance’s credit; the balance, says the law and the plain principles of common honesty and justice, shall be money in the *255 hands of the payee, for the use of Yanee, and paid to him, when required. If not discounted, the law speaks in unequivocal terms, that the note shall be restored to the makers.
In further support of the plea, the defendants’ counsel have read the deposition of the payee, to prove that the plaintiff paid no consideration for the note; that he is prosecuting it for the benefit of the payee, and his knowledge of the purpose for which it was given. The deposition, in our view, establishes these facts. The whole field is, therefore, open to -inquiry, as much so as if the payee were plaintiff on the record.
It is, however, objected to this deposition that the witness is incompetent from interest. It is a sufficient answer to this objee> tion that the interest of the witness is against the party who calls him. It is objected, again, that a party to negotiable paper can not be called as a witness to impeach its validity. In the case of Woodhull v. Holmes, before cited, the court say, “that the indorser of a negotiable note may be called as a witness to prove facts subsequent to the indorsement, and which destroys the title of the holder. The court recognize this principle as the settled law on the subject.” The deposition for these purposes, therefore, is properly received.
The plaintiff then claims that this deposition proves, that the note was not made as an accommodation note, but was delivered to the payee unconditionally, to apply to Yance’s credit, on the books of- the payee and Bostwick; to bo presented for discount or not, at the pleasure of the payee. Can the'court receive that part of the deposition as evidence? We think not. It is in direct contradiction of the contract contained in the receipt; or, at least, it would vary the legal import of that contract, which the law would not permit. 3 Stark. Ev. 1009. Parol evidence is, also, inadmissible to vary the legal operation of an ^instrument, by [249 evidence of an intention to that effect, which is not expressed in the instrument. The parol evidence now sought to be introduced, is to prove a verbal contract made at the same time with the written one, that the note was, in no event, to be returned to the makers; nor for any other specific purpose than for a credit on the books of the payee and Bostwick, and was delivered to the payee.- This, in our view, can not be done.
How, then, stands the ease ? The defendants executed the note as an accommodation note, for the purpose of being discounted at *256 the Franklin Bank of Columbus ; they delivered it to the payee for that purpose, and under an agreement, if discounted, a credit of part was to be made on the books of the payee and Bostwick, and the balance paid to the principal, Yance; if not discounted, to be returned to the makers. The payee and the plaintiff indorsed the note; it was presentad by the payee, for discount, and refused; the indorsement of the plaintiff was stricken from the note; it was delivered to the plaintiff without consideration, and with notice of the agreement and specific purpose for which it was designed. The plaintiff is prosecuting this suit on the note for the benefit of the payee. The note has thus been given a circulation, which the parties did not design, contrary to the purpose for which it was delivered, and the court are unanimously of opinion the plaintiff can not recover.