(32 Misc. Rep. 690.)

### CURRO v. ALTIERI.

(Supreme Court, Appellate Term. November 8, 1900.)

PAROL EVIDENCE—RELEASE.
  Parol evidence is not admissible to show that a general release, releasing defendant of all claims that plaintiff had against him, was not intended to release a particular debt.

Appeal from municipal court, borough of Manhattan.

Action by Santo Curro against Tony Altieri. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Mooney & Shipman, for appellant.
J. Krone, for respondent.

PER CURIAM. The effect of the testimony to which the counsel for the appellant objected was that, although the plaintiff had executed a general release on the 6th day of October, 1899, releasing the defendant of all claims that he, the plaintiff, had against him, the defendant, yet, nevertheless, one particular claim, viz. the claim in suit, was excluded from the effects of said general release. To admit this testimony was error. It was admitting parol evidence which varied the terms of a written instrument. The release is general and comprehensive, and reaches every debt due from defendant to the plaintiff. To show by parol evidence that it was not intended to release every claim that the plaintiff had against the defendant is to contradict the instrument. See Pierson v. Hooker, 3 Johns. 68. Judgment reversed, and new trial ordered, with costs.