[No. 5466. Decided February 6, 1905.]

LUMBERMEN'S NATIONAL BANK, *Appellant,* v. DAVID GROSS, *Garnishee, Respondent.*[1]

HUSBAND AND WIFE—CONTRACTS—JOINT NOTE—CONSIDERATION— LIABILITY OF WIFE'S SEPARATE ESTATE. The obligation of a husband as a member of a firm, to pay his pro rata share of the firm indebtedness, being a community debt, is a sufficient consideration for the joint note of the husband and wife, and for the transfer of the separate property of the wife to the husband's partner, who had paid the firm debt out of his individual estate.

SAME—ASSIGNMENT OF WIFE'S SEPARATE ESTATE TO PAY JOINT DEBT—FRAUDULENT CONVEYANCES. The joint note of a husband and wife binds the wife's separate property, and an assignment of her separate property in payment of the same is not fraudulent as to creditors as being without consideration.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered July 29, 1904, upon findings in favor of a garnishee, after a trial on the merits before the court without a jury, discharging a writ of garnishment. Affirmed.

*Fogg & Fogg,* for appellant, contended, *inter alia,* that a past consideration, if it imposed no legal obligation at the time it was furnished, will not support a promise. 9 Cyc. 358; *Thomson v. Thomson,* 78 N. Y. Supp. 389; Clark, Contracts, p. 197; Parsons, Contracts, ch. 16; *Mills v. Wyman,* 3 Pick. 207; *Dearborn v. Bowman,* 3 Met. 155; *Roscorla v. Thomas,* 3 Q. B. 234, 43 E. C. L. 713; *Znaturjian v. Boornazian* (R. I.), 55 Atl. 199; *Leverone v. Hildreth,*

[1]Reported in 79 Pac. 470.

80 Cal. 139, 22 Pac. 72; *Cook v. Bradley,* 7 Conn. 57, 18 Am. Dec. 79; *Leslie v. Glass,* Fed. Cas. 8275; *Schnell v. Nell,* 17 Ind. 29; *Allen v. Bryson,* 67 Iowa 591, 25 N. W. 820, 56 Am. Rep. 358.     The promise to perform an existing contract with a third person is not a valuable consideration.     9 Cyc. 353; *Wadhams v. Page,* 1 Wash. 420, 25 Pac. 462; *Early v. Burt,* 68 Iowa 716, 28 N. W. 35; *Arend v. Smith,* 151 N. Y. 502, 45 N. E. 872; *Vanderbilt v. Schreyer,* 91 N. Y. 392; *Merrick v. Giddings,* 1 Mackey (D. C.), 394; *Nine v. Starr,* 8 Ore. 49.     Neither the payment of the debts by David Gross, nor any promise by him to pay them, would be a sufficient consideration for the promises by Johanna Gross to reimburse him.     *Brownlee v. Lowe,* 117 Ind. 420, 20 N. E. 301; *Schuler v. Myton,* 48 Kan. 282, 29 Pac. 163; *Robinson v. Jewett,* 116 N. Y. 40, 22 N. E. 224; *Hanks v. Barron,* 95 Tenn. 275, 32 S. W. 195; *Davenport v. First Cong. Soc.,* 33 Wis. 387; *Havana Press Drill Co. v. Ashurst,* 148 Ill. 115, 35 N. E. 873; *Johnson's Adm'r v. Seller's Adm'r,* 33 Ala. 265; *Holloway's Assignee v. Rudy,* 22 Ky. Law 1406, 60 S. W. 650; *Lewis v. McReavy,* 7 Wash. 294, 34 Pac. 833; *Tolmie v. Dean,* 1 W. T. 46; *Stickler v. Giles,* 9 Wash. 147, 37 Pac. 293; *Alaska Packers' Ass'n. v. Domenico,* 117 Fed. 99.     The transfer of the $4,725 note to David Gross was void as to Johanna's creditors.     *Knower v. Haines,* 31 Fed. 513; *Jose v. Hewett,* 50 Me.     248; *First Nat. Bank v. Bertschy,* 52 Wis. 438, 9 N. W. 534; *Neal v. Foster,* 36 Fed. 29; *Schoonover v. Foley* (Iowa), 94 N. W. 492.     Its necessary effect was to hinder and delay her creditors. 1 Freeman, Executions, pp. 655, 657; *Klosterman v. Harrington,* 11 Wash. 138, 39 Pac. 376; *Carkeek v. Boston Nat. Bank,* 16 Wash. 399, 47 Pac. 884; *Allen, etc. Com. Co. v. Grumbles,* 129 Fed. 289; *Egery v. Johnson,* 70 Maine 258; *Dowell v. Applegate,* 15 Fed. 419; *Spear v.*

*Spear,* 97 Maine 498, 54 Atl. 1106; *Benson v. Benson,* 70 Md. 253, 16 Atl. 657.

*F. Campbell,* for respondent.

RUDKIN, J.—The plaintiff brought this action against Johanna Gross and others to recover judgment on a promissory note. In such action a writ of garnishment was issued, and served on the garnishee respondent, David Gross, and the liability of the garnishee is the only question before the court on this appeal. Judgment was rendered in the court below discharging the writ.

The facts on which it is sought to hold the garnishee liable are these: In 1893 the firm of Gross Brothers, a partnership composed of the respondent, David Gross, Ellis H. Gross, husband of the defendant Johanna Gross, and Morris Gross and Abraham Gross, was indebted to the London & San Francisco Bank. For the purpose of securing this indebtedness, and further advances to be made to the firm by the bank, the respondent, David Gross, and Morris Gross, two members of said firm, mortgaged their individual property in the city of Tacoma to the bank. In 1896 this mortgage was foreclosed, and the individual property of the respondent and the said Morris Gross, covered by said mortgage, was sold on execution, and bid in by the bank, and by it accepted at a valuation of $18,000, which was applied on the firm indebtedness to the bank. On the 23d day of September, 1898, the defendant Johanna Gross and her husband, Ellis H. Gross, entered into a written agreement reciting, among other things, the payment of $18,000 of the firm indebtedness by the respondent and the said Morris Gross out of their individual property; the death of Abraham Gross, one of the members of said firm; that the defendant Johanna Gross and Ellis H. Gross, her husband, were liable for, and should pay one-third of, said

sum of $18,000, or $6,000; and that $4,500 of said sum of $6,000 was due to respondent, David Gross, and $1,500 thereof to the said Morris Gross. This agreement closed as follows:

"Now, therefore, in consideration of the premises, we, Ellis H. Gross and Johanna Gross, do hereby acknowledge ourselves jointly and severally indebted to David Gross, in the sum of $4,500, and to Morris Gross in the sum of $4,500, and agree to pay them the said sums respectively on demand, after date hereof, without interest;"

and was signed by the said Ellis H. Gross and Johanna Gross. This agreement is taken from the findings of the court. The agreement to pay Morris Gross the sum of $4,500 is probably an error, and was intended for $1,500, but such error is not material for the purpose of this appeal.

Again, some time prior to the 16th day of October, 1893, the firm of Gross Brothers became indebted to Brigham-Hopkins Company, for merchandise sold to the firm. Suit was brought on this account, after the death of Abraham Gross, against the three surviving members of the firm. This suit was settled and compromised by the respondent, and in payment and satisfaction of the portion of the amount so paid, which should have been paid by the said Ellis H. Gross, the said Ellis H. Gross and Johanna Gross, on the 10th day of November, 1903, executed to the respondent their certain joint and several promissory note, for the sum of $600, payable on demand. On the 10th day of June 1903, The Ellis H. Gross Company was indebted to Johanna Gross in the sum of $4,725, and on that day executed and delivered to Johanna Gross its certain promissory note for said amount, payable on demand. This note was the separate property of Johanna Gross. On the 10th day of January, 1904, Johanna Gross assigned and transferred said last mentioned promissory note to the respondent, David Gross, in payment of the amount due on

the $600 note hereinbefore described, the balance to be applied on the agreement to pay to the respondent the sum of $4,500 hereinbefore described.

The garnishment in question was not issued until February 27, 1904. Prior to the service of the writ of garnishment, The Ellis H. Gross Company was adjudged insolvent, and a receiver appointed, and on the 3d day of March, 1904, the receiver of The Ellis H. Gross Company paid to the respondent the sum of $2,274.70, on account of the said promissory note, so assigned and transferred by Johanna Gross to the respondent. The Ellis H. Gross Company is insolvent, and no further sum will be paid for or on account of said note. At the time said note was so assigned by the said Johanna Gross to the respondent, Johanna Gross was insolvent, and had no other property subject to execution. Johanna Gross was never a member of the firm of Gross Brothers, and her separate property was in no manner liable for the firm debts.

Upon these facts the appellant contends that the $600 note, and the agreement to pay the sum of $4,500, mentioned in the foregoing statement of the case, were without consideration, so far as concerns the defendant, Johanna Gross, and that there was, therefore, no consideration for the assignment and transfer of her note of $4,725 to the respondent, David Gross, in payment and satisfaction of said note and agreement, and that the transfer so made was void as against the appellant.

It will be conceded that the separate property of Johanna Gross was not liable for the payment of any part of the firm indebtedness of Gross Brothers, and that no personal judgment could be recovered against her for any part of such indebtedness. This concession is made, of course, in the absence of any agreement on her part rendering herself, or her separate property, liable. We presume it will also be conceded that Ellis H. Gross was bound to repay to

the respondent, David Gross, his pro rata share of the firm indebtedness which the respondent was compelled to pay out of his individual property, and that such obligation was a community obligation of the said Ellis H. Gross and his wife, Johanna Gross. That this pre-existing debt or obligation was a sufficient consideration for the agreement and note, in so far as Ellis H. Gross was concerned, cannot be questioned. 1 Daniel, Neg. Inst. (5th ed.), § 184.

We are also satisfied that it was a sufficient consideration for the agreement and note of the community consisting of husband and wife. A community debt or obligation, past or present, is a sufficient consideration for a joint note of the husband and wife. Upon such a note a personal judgment can be recovered against both husband and wife, and on such judgment the community property of the husband and wife, and the separate property of either, not otherwise by law exempt, can be taken in execution. It seems to us that any other rule would lead to the utmost uncertainty and confusion. Under the law of this state, a married woman has full liberty of contract. In order to bind her separate property, it is not necessary that she should enter into a specific agreement to that effect or for that purpose. Her signature to a contract imports the same obligation as the signature of any other person, viz.: that a judgment may be taken against her for failure to perform, and that her separate property may be taken in execution to satisfy the judgment. We are satisfied, therefore, that the note and agreement referred to were founded upon a sufficient consideration, as to both Ellis H. Gross and the defendant Johanna Gross, and that the transfer of the note of Johanna Gross, though her separate property, in satisfaction of such note and agreement, was not without consideration, and was not fraudulent or void as against the appellant bank.

The judgment of the court below was in accordance with these views, and the same is affirmed .

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

ROOT and CROW, JJ., took no part.