CACHE VALLEY LUMBER COMPANY *v.* CULVER COMPANY.

Opinion delivered February 7, 1910.

1. RECEIPT—CONCLUSIVENESS.—A receipt in full of all demands is conclusive, in the absence of any showing that it was obtained by fraud or mistake. (Page 388.)

2. SAME—IMPEACHMENT.—Evidence that a certain demand was not intended to be included in a receipt in full is inadmissible as varying its terms, where there is no claim that the receipt was obtained by fraud or mistake. (Page 389.)

Appeal from Lawrence Circuit Court, Eastern District; *Charles Coffin,* Judge; reversed.

*Beloate & Lomax,* for appellant.

1. Appellee has no right to go behind the execution of the deed, having acepted it. The acceptance of a deed by the vendee

is a final consummation of all prior negotiations. It was error to admit letters written prior to the making of the deed—the completion of the contract.

2. The deed, receipt and exhibits were filed with the answer —part thereof—and not denied under oath, and hence must be taken as genuine. Kirby's Digest, § 3108. A receipt unimpeached for fraud or mistake is valid and binding. 88 Ark. 363.

3. The description of the land was too indefinite and uncertain for the basis of contract. 68 Ark. 154; 85 *Id.* 1; 30 *Id.* 657. There was no warranty as to the number of acres, and none is ever imputed to deeds of this limitation. 19 Ark. 102.

4. Appellee cannot maintain its action before it fulfills its contract by compliance therewith. 65 Ark. 320.

*Smith & Blackford, Davis & Pace, Hamlin & Seawel,* for appellee.

1. The question of shortage in the acreage was submitted to the jury upon proper instructions. Their finding is conclusive. A verbal agreement as to the quantity of land, made before the execution of a deed, can be shown, and is not within the statute of frauds. 63 Mo. 461; 16 Wend. 460. 29 Am. & Eng. Enc. Law, 896.

2. The letter containing the offer and the telegram and letter accepting same was a binding contract. 9 Cyc. 293 (7).

3. The description was sufficiently definite. 68 Ark. 150; 30 Ark. 657; 20 Cyc. 270; 45 *Id.* 17; 91 Ark. 153; 68 Ark. 326; 65 *Id.* 51; 75 *Id.* 55; 2 Parsons on Contracts, p. 665 (8 ed.); 17 Cyc. 719.

4. Appellee was not estopped by acceptance of the deed. 12 Ark. 699; 85 Ark. 289; 47 Ark. 148; 53 Ark. 158.

5. Appellee is not prevented from recovering by the fact that he retained part of the consideration. 53 Ark. 158; 47 Ark. 148; 85 Ark. 289.

6. The receipt is not conclusive. Receipts are only *prima facie* evidence of payments. 39 Ark. 580; 5 Ark. 61; 46 Ark. 217; 5 *Id.* 558; 56 Ark. 37; 18 *Id.* 65. They are open to explanation and contradiction.

7. Appellee did not insist on delivery of the stock at the time of the transaction, and when this is not done the purchaser is not at liberty to refuse payment on the ground that he has not

received a transfer of title.    10 Cyc. 600; 9 Cyc. 689; 76 Mo. App. 96.    No demand necessary.    9 Cyc. 726.

HART, J.    This suit was instituted in the Lawrence Circuit Court, Eastern District, by the Culver Company against the Cache Valley Lumber Company to recover damages for an alleged breach of a contract to convey certain lands.

The defendant company answered, denying liability.    The defendant has appealed from a judgment rendered against it.

The facts material to a determination of the issues raised by the appeal are substantially as follows: Both parties to the suit are corporations, organized under the laws of the State of Arkansas.    H. A. Culver was vice-president of the Cache Valley Lumber Company, appellant, and president of the Culver Company, appellee.    On the 15th day of September, 1907, he had a conversation with C. F. Ferguson, president of the former company, in regard to a settlement of the accounts and differences between the two companies.    This was followed by a letter from Ferguson to Culver, which is not in evidence, and by a letter of Culver to Ferguson, dated October 4, 1907, which is as follows:

"Answering your favor of the 28th of September, will say that, in order to wind affairs, I will submit to you the following proposition: Assigning our account and stock in the C. V. L. Co.; my equity in the home I have here subject to a mortgage; note due 1 year from the 1st of September, 1907, carrying 8 per cent. interest, dated September 1, 1906, amount $575, for your T. W. Co. lands near Minturn, 720 acres, and a release of the mtge. the C. V. L. Co. hold against the Culver Company on lands they own in section 16, Greene County, about $750.    It is my intention to leave here about the 15th to the 18th of the month; and, if we can't get together before then, I shall return from my trip so as to be here on the 15th of November, when the semi-annual meeting is held; otherwise I would stay on the coast till the first of the year."

On October 10, 1907, Ferguson replied, accepting the proposition.    On the 12th day of October, 1907, Ferguson sent to Culver the following letter: "The writer has returned home this morning, and, upon a close investigation in regard to the Minturn tract, finds that there is deeded to us 659.03 acres    In having this up before the Turnbull Wagon Company directors the whole

matter was viewed from their standpoint in the light of our investment for this land. The statement that there was about 720 acres, as far as they were concerned, was not considered. I do not know how I got the impression that this amount of land was there, unless it was on account of there being some in section 15, and I considered that we had all of another section besides. I believe, however, in talking with you in regard to this matter, that I was not positive that there were 720 acres, but I notice in my last letter I spoke of the Minturn tract as 720 acres. From the long talk given our Turnbull directors in regard to making exchange with you, and the hesitancy in regard to it, I would not feel warranted in taking up the question again with them, and of course I do not know how you feel on this question. As stated, the Turnbull Wagon Company can give deed for only 650.03 acres, which is their entire tract of land near Minturn. I regret that this question should come up, as it placed the whole proposition where it was at first. If you care to accept deed from the Wagon Company for the Minturn tract of land as per this letter, the balance of proposition to hold, the matter can be fixed at once. I have nothing further to suggest."

On October 14, 1907, Culver replied as follows: "I have your favor of the 12th inst. before me, and in reply to the same I note that you are not in a position to deed to us as the owners of 659.03 and not 720 acres, as you represented owning near Minturn. The facts in the transaction are as follows: You represented to us having this acreage, and fixed a valuation on the lands as being worth $12 per acre. I immediately took up the proposition with other members of my company, and agreed to accept your conditional offer, and on October 4 I addressed a *bona fide* offer, setting out plainly what my company would do, and on October 7, from Toledo, O., you wired me that you would accept our offer and confirmed the same by letter. You certainly must take into consideration that we based all our figures on your representation, and that there be no misunderstanding I outlined our proposition in detail. Acting upon the acceptance of our proposition, I immediately negotiated the sale of my house furnishings, have turned the property over to your agent our account to your credit on the books, resigned as vice-president, placed the same in the hands of Mr. White, cashier of the Bank

& Trust Company, subject to the delivery of same to you on receipt of a warranty deed released of a mortgage on lands in section 16-16-3-E., in Greene County, Arkansas. Now, it will be satisfactory for my company to accept your check for $720 in payment for the 60.79 acres of land that you failed to own in this tract near Minturn, and I have instructed Mr. White to accept such a settlement from you. I trust that it will not be necessary for me to have to return here and create expense to get this matter adjusted, but you certainly can not lay any of your errors in this deal on us. Supposing I had addressed you a letter upon receipt of your acceptance to my proposition, saying that I was in error, that there were two notes of $575 against the home place, instead of one, as represented to you, what would you say? 'Well, Culver, just pay that note off that you overlooked, and it will be O. K.' "

On December 31, 1907, Ferguson wrote to Culver as follows:

"To consummate the deed in exchange of credits and properties between your company and the Cache Valley Lumber Company, I am handing you herewith, through Mr. Beloate, attorney, deed from the Turnbull Wagon Company for the tract of land near Minturn, Lawrence County, Ark., covering sec. 18 and the west half N. W. ¼ of sec. 17, as shown by deed, also the mortgage note given by your company to the Cache Valley Lumber Company on your lands in Greene County, and as full satisfaction to us for this deed and mortgage note you are to assign to the Cache Valley Lumber Company all your credits in said company of whatever nature, as shown by the books as ledger credits and capital stock certificate, also to deliver a warranty deed to the Cache Valley Lumber Company for lots Nos. 20 and 19, in block 3, Orto's addition, subject to mortgage of $575 due September 1, 1908, said assignment of credits, capital stock certificates and deed to be delivered to W. E. Beloate, attorney. It is further understood between us that, in completion of this exchange, the contract between your company under date May 15, 1906, and Cache Valley Lumber Company for the logs and delivery of same is to be cancelled."

On the same day he wrote W. E. Beloate a letter to represent him, giving him specific directions in the matter.

Culver and Beloate met on January 3, 1908. Beloate delivered to Culver the deed to the Minturn tract and also the mortgage note of appellee to appellant, and Culver delivered to Beloate the following receipt and release:

"Walnut Ridge, Ark., January 3, 1908.

"For value received, we hereby assign and release to the Cache Valley Lumber Company all rights, choses in action, credits and demands against said Cache Valley Lumber Company which may be due by the said Cache Valley Lumber Company to the Culver Company or to H. A. Culver.

(Signed)                          "Culver Company,

"By H. A. Culver, Pres.

"H. A. Culver."

The deed to the Minturn tract recited that it contained 659.03 acres. Culver testified that it was orally agreed and understood that the receipt or release did not cover the deficiency in the quantity of the Minturn tract of land, and that the settlement of this matter was left open to be adjusted at a future date between him and Ferguson. Beloate denies this. When Culver read the deed to the Minturn tract of land, he discovered that it did not contain a correct description of the land intended to be conveyed, and the deed was sent back for correction. A new deed containing the correct description of the land by numbers was executed and returned to Culver on the 17th day of January, 1908, and the same was filed by him for record on that day. This deed also recited that the land conveyed contained 659.03 acres. Conceding appellee's right to recover for the alleged deficiency in the quantity of land agreed to be conveyed by the contract, it is precluded by the receipt of the date of January 3, 1908. Counsel for appellee seek to overcome the language of this receipt and release by the testimony of Culver to the effect that the alleged deficiency of the quantity of land in the Minturn tract was agreed to be left open for future adjustment between him and Ferguson, and was not intended to be embraced within the terms of the receipt or release; but the language of that instrument covers all demands against appellant, and it is not claimed that it was obtained by fraud or given under a mistake. The effect of Culver's testimony was to vary its terms, and this in the teeth of the well known rule on the subject. The rule is clearly stated in the case of

*Burton* v. *Merrick,* 21 Ark. 357, as follows: "A receipt expressed to be in full of all demands is only *prima facie* evidence of what it purports to be, and, upon satisfactory proof being made that it was obtained by fraud, or given under a mistake, it may be inquired into and corrected in a court of law as well as in equity. But where the receipt is introduced by the party relying on it, and there is no attempt from the other side to prove that it was obtained by fraud, or given by mistake, it must necessarily operate in the particular case as conclusive evidence of what it purports to be on its face." This statement of the law was approved in the recent case of *Kahn* v. *Metz,* 88 Ark. 363.

The testimony of Culver to the effect that the alleged deficiency in the quantity of the land of the Minturn tract was to be left open for further negotiations was not in explanation of the terms of the written receipt or release, but tended to vary its terms, and thus contravened the well-known rule which excludes parol evidence. *Tillar* v. *Wilson,* 79 Ark. 256. Therefore the court should have directed a verdict for appellant, as requested by its counsel, and for the error in that respect the judgment will be reversed, and the cause dismissed.