[No. 9226.　Department One.　March 31, 1911.]

COMFORT A. GLEESON, *Respondent*, v. J. S. LICHTY, *Appellant*.[1]

BILLS AND NOTES—ACTIONS—FINDINGS—ADMITTED INDORSEMENT—EFFECT. An indorsee of a note in blank being liable as an indorser, if dishonored and notice given, regardless of actual consideration, under Rem. & Bal. Code, §§ 3458, 3457, and 3420, a finding that by the indorsement, which was admitted, defendant promised to pay the note etc., is not error, where by other findings, dishonor and notice were established.

BILLS AND NOTES—INDORSEES—NOTICE AND PRESENTMENT — EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a finding that a note remained in the custody of an indorser, as agent of the owner, from the time it was made until it came due, so that notice of dishonor was not necessary, where he had had such possession as such agent and delivered it to an attorney for collection, since it was under his control and constructively in his possession.

SAME—NOTICE OF DISHONOR—SUFFICIENCY. Where an indorser of a note had its custody for collection as agent for the owner it was his duty to present it for payment, and knowing that the maker was in the hands of a receiver and that presentment would be an idle ceremony, he was not entitled to further notice as an indorser, under Rem. & Bal. Code, § 3486, providing for either written or oral notice.

[1]Reported in 114 Pac. 518.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 13, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a promissory note. Affirmed.

*Davis & Davis* and *Frank H. Kinsell*, for appellant.

*Warren W. Tolman* and *John King*, for respondent.

MOUNT, J.—The plaintiff brought this action against C. A. Jones, J. S. Lichty and wife, and E. C. Rumens and wife, to recover upon a note for $2,000, upon which $500 had been paid. The note was made by Farmers' Mutual Live Stock Insurance Company to the plaintiff. Two causes of action were alleged: (1) That the defendants C. A. Jones, J. S. Lichty and C. J. Rumens were liable on the note as guarantors; (2) that they were liable as indorsers, and that due presentment and notice to said indorsers had been given as provided by law. The defendants by their answer admitted the making of the note by the insurance company, and that they indorsed the note in blank, but denied the other allegations of the complaint. Upon these issues the cause was tried to the court without a jury. Findings of fact and conclusions of law were made in favor of the plaintiff, and a judgment was entered against the defendants C. A. Jones, J. S. Lichty and C. J. Rumens, for the amount prayed for in the complaint. The trial court subsequently granted a motion for a new trial as to defendants Jones and Rumens, but denied the motion as to Mr. Lichty, who alone appeals from the judgment rendered.

The trial court found as a fact:

"That on the said 1st day of May, 1908, before the delivery of said note to the said Comfort A. Gleeson, the defendants Chas. A. Jones, J. S. Lichty, and C. J. Rumens, for a valuable consideration, by their indorsement in writing upon said promissory note, promised and agreed to pay said note at

maturity in case of default in payment thereof by said Farmers' Mutual Live Stock Insurance Company."

Appellant argues that this finding is error because it is one of mixed law and fact, and also because it is not a correct deduction from the law and the evidence. It was admitted by the answer that the defendant indorsed the note in blank. This made him liable as an indorser (Rem. & Bal. Code, § 3458), and he thereby engaged that the note would be paid according to its tenor, and that, if dishonored and notice given, he would pay the amount thereof. Rem. & Bal. Code, § 3457. Whether there was an actual consideration for the indorsement is immaterial, because, without consideration, he was liable to the holder for value. Rem. & Bal. Code, § 3420. This finding, standing alone without other facts, might be subject to the objection that it was not sufficient to base a judgment upon because it omitted notice of dishonor; but these facts were found in other findings. There was, therefore, no error in the finding, for as far as it goes it follows from the admission in the answer.

The court made the following finding:

"That on and prior to the 1st day of May, 1908, the said J. S. Lichty was the agent of the said Comfort A. Gleeson in the making and collection of loans for her; that on the making and delivery of said note of the Farmers' Mutual Live Stock Company on the said 1st day of May, 1908, the said Comfort A. Gleeson delivered said note to the said J. S. Lichty, for the purpose of making collection thereof at maturity, and said J. S. Lichty received said note from said Comfort A. Gleeson for such purpose, and said note remained in the custody of said J. S. Lichty as such agent from the 1st day of May, 1908, until said note was delivered to her by said J. S. Lichty on the 3d day of May, 1909."

Appellant argues that this finding is not supported by the evidence. It appears that, at the time the note was executed, Mr. Lichty was the secretary and treasurer of the Farmers' Mutual Live Stock Company, the maker of the note. He was also agent for Mrs. Gleeson and loaned money for her. He

made this loan to his company, and signed the note as sec-
retary and treasurer.   He also indorsed the note in blank
on the back of it.   At the time the note matured, which was
Saturday, May 1, 1909, a legal holiday, the insurance com-
pany was insolvent and in the hands of a receiver.   Mrs.
Gleeson had at all times depended upon Mr. Lichty to trans-
act her business for her, and on the morning the note became
due she called upon Mr. Lichty at his office and told him
she had come for her money.   It is true that Mr. Lichty tes-
tified that he turned this note over to one Mr. Pence, an at-
torney at law, together with other notes, several months be-
fore the note in question matured, and at that time Mr.
Pence had it in his possession; that he told Mrs. Gleeson that
he had turned all her notes over to Mr. Pence for collection,
and that she made no objection thereto; that he also told
Mrs. Gleeson that she would have to go to Mr. Pence for the
note.   Mr. Pence also testified that the note had been in his
possession, but he was not clear that the note was in his pos-
session upon the 3d day of May, 1909.   Mrs. Gleeson, how-
ever, testified that the note was not in the hands of Mr. Pence
upon the day it became due, and that on the 1st day of May,
1909, she called upon Mr. Lichty for payment; that on the
3d day of May, being the first business day after maturity,
she again called upon Mr. Lichty at the request of her at-
torney and demanded the note, and that he delivered the
note to her and she took it to her attorney, Mr. Tolman, who
thereupon mailed notices of nonpayment and dishonor to each
of the indorsers.

There is, in our opinion, sufficient evidence in the record to
sustain the finding that the note remained in possession of
Mr. Lichty from the time is was made until May 3, 1909.
But, if we assume that the note was not in his actual posses-
sion, it was clearly under his control, and therefore con-
structively in his possession.   He gave a number of notes to
Mr. Pence for collection merely, and he notified Mrs. Gleeson
to that effect, and Mrs. Gleeson made no objections thereto.

But we find nothing in the record to show that he relinquished his agency in any way, or that Mrs. Gleeson had consented that his agency should be transferred to another person. She considered him her agent, and looked to him at all times for the transaction of business for her, up until the note was not paid, when she employed another attorney to collect the same. Mr. Lichty was therefore responsible to her, and the notes in the possession of Mr. Pence were under Mr. Lichty's control. There was no error in the finding upon either theory.

Appellant argues that the note was not presented for payment to the maker on the 3d day of May, 1909, nor to the indorsers, and that no notice was given. As we have seen above, the note was in possession of Mr. Lichty, or under his control, at the time it became due. When the note was made, Mr. Lichty was an officer of the insurance company, the maker of the note. He was the person to whom Mrs. Gleeson looked for payment of the note. He was also her agent to collect the note. At the time the note matured, the insurance company was in the hands of a receiver, and Mr. Lichty was not in control of the affairs of the company. The evidence is not clear that Mrs. Gleeson knew this fact, but that we think is immaterial because it was Mr. Lichty's duty to present the note for payment. If he did not do so, it was because he knew that such presentment would be an idle ceremony. He had the note in his possession on the day it should have been paid. He knew that it was not paid. He was not entitled to further notice as an indorser. Rem. & Bal. Code, § 3486. Such notice was sufficient to bind him as an indorser.

Other errors alleged are covered by what we have said above. We need not consider the sufficiency of the notice which was sent to other indorsers, because that question is not involved upon this appeal. There is no error, and the judgment is therefore affirmed.

DUNBAR, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.