[No. 16075.   Department Two.   March 23, 1921.]

# FLORA PARKS SHANNON, *Appellant*, v. J. W. PRALL et al., *Respondents*.[1]

HUSBAND AND WIFE (29)—WIFE'S SEPARATE PROPERTY—LIABILITY—
CONTRACTS JOINTLY WITH HUSBAND.   A release signed by a wife individually and also in the capacity of agent for her husband is effective as a contract binding her separate estate and that of the community.

EVIDENCE (153)—PAROL EVIDENCE TO VARY WRITING—RECEIPTS.   A receipt signed alone by a wife individually cannot be contradicted by parol evidence that she did not intend to bind her separate estate.

RELEASE (5)—OPERATION AND EFFECT—GENERAL TERMS.   A release in general terms covers obligations not mentioned therein, though they may not have been in the minds of the parties at the time of signing.

EVIDENCE (160)—PAROL EVIDENCE—NATURE AND EXTENT OF LIABILITY.   Where a contract embodies a receipt for money and also an additional paragraph waiving "all demands of every kind and nature" in consideration of the surrender of two certain promissory notes, the writing is of a contractual nature, not subject to variation by parol evidence.

EVIDENCE (171)—PAROL EVIDENCE—CONSTRUCTION—GROUNDS FOR ADMISSION—SURROUNDING CIRCUMSTANCES.   The rule which permits the surrounding facts and circumstances to be shown for the purpose of arriving at the correct meaning of the language used in a writing does not permit oral evidence for the purpose of altering the effect of the language.

APPEAL (437)—REVIEW—HARMLESS ERROR—PLEADINGS.   Error in ruling upon inconsistent defenses was harmless where the evidence was fully taken upon the issues presented and there was a trial de novo on appeal.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 8, 1920, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

[1]Reported in 196 Pac. 635.

*Robertson, Miller & Robertson,* for appellant.

*Henry Madigan* and *Cunningham & Cunningham,* for respondents.

Main, J.—This action is based upon a written contract for services rendered. The defendants denied liability and plead a release. The trial resulted in findings of fact, conclusions of law, and a judgment dismissing the action. From this judgment, the plaintiff appeals.

On the 14th day of February, 1919, the appellant and the respondent J. W. Prall entered into a contract in writing as follows:

"This agreement made and entered into this 14th day of February, A. D. 1919, between J. W. Prall, party of the first part, and Flora Parks Shannon, party of the second part,

"Witnesseth: That whereas, since May 1st, 1911, the said party of the second part has been performing divers services of value to the said J. W. Prall, party of the first part, which services were highly appreciated by him, such services consisting of confidential work as secretary and helper about his business, and

"Whereas, while there has been an understanding that the party of the second part was to receive compensation for this, no amount has been fixed, and

"Whereas, owing to the uncertainty of life, it is regarded by both parties as essential that there should be a specific understanding, it being the intention of both parties that said services should continue as long as desirable by said parties.

"Now, therefore, in consideration of the premises, the party of the first part, said J. W. Prall, does agree to pay to the party of the second part the sum of Seven Hundred Dollars per year, beginning May 1, 1911, and including each year between that date and this, and continuing in the future as long as said relation exists. Payment for these services shall not be enforced, however, until the party of the second part

ceases to perform services for the party of the first part.

"In Witness Whereof, the parties hereto have hereunto set their hands the day and year in this instrument first above written.          J. W. Prall
"Flora Parks Shannon."

It will be noted that this contract recites that, since May 1, 1911, the appellant rendered services for J. W. Prall, who will hereafter be referred to as though he were the only respondent, in the capacity of a confidential secretary and helper. The contract further recites that it shall not be enforced until the appellant ceases to perform services for the respondent. About a month after the contract was executed, the performance of services ceased and the present action was soon thereafter instituted. For a number of years prior to the execution of the contract, the appellant, with her husband and children, resided upon a tract of land owned by the respondent. The appellant and her husband having concluded to move to another location, a settlement of accounts between Mr. Shannon and the respondent was undertaken and resulted in a conclusion that the respondent owed to Mr. Shannon the sum of $466.66. On March 19, 1919, the appellant signed a writing, individually and for her husband by herself, as follows:

"Received of J. W. Prall, through Joseph R. Roberson, the sum of Four Hundred Sixty-Six Dollars and Sixty-Five Cents ($466.65), said amount being balance in full due as shown on statement bearing even date herewith also received.

"As a further consideration of the delivery to us of two (2) certain promissory notes of Five Hundred Dollars each, one bearing date of October 29, 1913, due October 29, 1914, made by J. W. Shannon, in favor of J. W. Prall, and one bearing date November 20th, 1913, due November 20th, 1914, made by J. W. Shannon and

Flora Shannon, in favor of J. W. Prall, we hereby acknowledge the receipt in full, and waive all demands of every kind and nature for further consideration up to this 19th day of March, A. D. 1919.

> "Flora Shannon
> "J. W. Shannon
> "By Flora Shannon."

At the time this writing was signed, the respondent was represented by an agent and Mr. Shannon was not present. It will be noted that the second paragraph of this writing relates to two promissory notes for five hundred dollars each, one of which was signed by Mr. Shannon alone and the other by him and his wife, the appellant. It was after this writing was signed that the present action was instituted. The appellant contends that, since the parties at that time were adjusting the rights which were of a community nature, the writing would not release any rights of the appellant which were her separate and individual property. For the purpose of releasing all obligations to the community, it was not necessary that the appellant sign the writing individually. The signature of the husband alone was sufficient. In *Northern Bank & Tr. Co. v. Graves*, 79 Wash. 411, 140 Pac. 328, the wives of two parties had signed notes, and when action was brought, they attempted to show that they signed merely as members of their respective communities. It was there said:

"This was, of course, unnecessary, since the signature of the husband alone to a note given for a community debt or in prosecution of a community enterprise is all that is necessary to bind the husband personally and the community, and to subject the community property to the judgment thereon. The signatures of the wives for this purpose would be an idle thing and without effect. The wives, in signing this instrument, must have intended that act to have some

effect rather than none. *Toon v. McCaw,* 74 Wash. 335, 133 Pac. 469. Such also must have been the intention of the appellant in requiring their signatures. The fact that the wives made themselves parties to the note by signing it raises a presumption, not rebuttable by parol evidence, that they intended to bind themselves personally."

So, here, when the appellant signed the writing individually, it must have been intended that the act should have some effect. It cannot be shown by parol evidence that she did not at that time intend to bind her separate estate.

The writing having been signed in such form that it would cover the individual rights of the appellant as well as the community rights of herself and husband, the question then arises as to whether the writing is a mere receipt and subject to be contradicted by oral testimony; or whether it is of a contractual nature and therefore subject to the rule that oral testimony is not permissible for the purpose of altering, varying, or adding to its terms. It is not always easy to determine whether a particular writing is a mere receipt, or whether it falls within the class of writings which are of a contractual nature. The line which divides the two kinds of writings has not been clearly defined and cases can be found which it is difficult to reconcile. In *Jackson v. Ely,* 57 Ohio St. 450, 49 N. E. 792, it is said:

"Whatever the general rule may be as to the reception of parol evidence to explain a mere receipt, it is not admissible, at least in Ohio, to vary the terms of a contract although the contract should be included in an instrument which was also a receipt for money or property. *Stone v. Vance,* 6 Ohio 246; *Bird v. Hueston,* 10 Ohio St. 418, 421, 430. The line that divides receipts open to parol explanation from written contracts to which nothing can be added to or taken

from by parol evidence, has not been satisfactorily es-
tablished, and cases can be found, which it is extremely
difficult, if not impossible, to reconcile.''

The writing in question is first a receipt for a sum
of money. This is embodied in the first paragraph.
The second paragraph provides that, in consideration
of the delivery to the appellant of the two notes de-
scribed, ''we hereby acknowledge the receipt in full
and waive all demands of any kind and nature for fur-
ther consideration up to this 19th day of March, A. D.
1919.'' It seems to us that this is more than a mere re-
ceipt. It is of a contractual nature by which, for the
surrender of the notes, receipt in full is acknowledged
and all demands of ''every kind and nature'' are
waived. The writing has more of a contractual nature
than did the writing involved in *Allen v. Tacoma Mill
Co.*, 18 Wash. 216, 51 Pac. 372.

Even though the writing be construed as a release
in the nature of a contract, the appellant nevertheless
invokes the general rule that, where in a release there
is a particular recital followed by general words, the
general words will be qualified by the recital. A num-
ber of cases to this effect are cited, but the writing in
question cannot be brought within that rule. It con-
tains, as already indicated, two paragraphs which are
respectively devoted to a different subject-matter, one
a receipt for money, and the other a release of all de-
mands based upon the consideration of the surrender
of the two notes specified. There is not in the writing
a particular recital followed by general words. If the
general clause at the end of the second paragraph was
appended to the first, it might be that the rule would
be applicable. It was not, however, in consideration
of the payment of the sum specified in the first para-
graph that all demands were waived, but in considera-

tion of the delivery of the notes as recited in the second paragraph. The writing being of a contractual nature, and not being subject to the rule that the general words are controlled by a particular recital, parol evidence is not admissible for the purpose of adding to or varying its terms. The release, being general, would reach an obligation owing by the respondent which was not mentioned therein. *Curro v. Altieri,* 32 Misc. Rep. 690, 66 N. Y. Supp. 499; *Cache Valley Lumber Co. v. Culver Co.,* 93 Ark. 383, 125 S. W. 430; *Pierson v. Hooker,* 3 Johnson (N. Y.) 68, 3 Am. Dec. 467. In the case last cited it is said:

"But the instrument is general and comprehensive, and expressly reaches to every debt and demand of every kind. To show by parol proof that it was not so intended, is to contradict or explain away the instrument, which is contrary to the established rule of law."

It is said, however, that particular obligation was not in the minds of the parties at the time the release was signed; but this was not necessary. *Hyde v. Baldwin,* 17 Pick. (Mass.) 303. The scope and effect of the release must be gathered from its terms, which may be interpreted in the light of the surrounding facts and circumstances. The rule which permits the surrounding facts and circumstances to be shown for the purpose of enabling the correct meaning to be given to the language used does not permit oral testimony for the purpose of varying or altering the effect of that language.

The conclusion, therefore, is that the release which was signed by the appellant individually was sufficient to bar a recovery upon the contract. There is some contention that the two notes mentioned had been paid and that, therefore, their surrender did not operate as a consideration for the contract. The trial court, upon conflicting evidence, found that the notes had

not been paid, and after carefully considering the evidence we are of the opinion that the finding upon this question should be sustained.

There is also a contention that in the affirmative matter pleaded in the respondent's answer there are inconsistent defenses, and the appellant seeks to have enforced the rule stated in *Seattle National Bank v. Carter,* 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177. Even though the answer contained defenses which were to some extent inconsistent it would serve no useful purpose to now reverse the case for that reason. The evidence was fully taken upon the issues presented, and even though the ruling of the trial court upon the pleading was error, we cannot see that the appellant has been prejudiced thereby. The trial was before the court without a jury and is heard *de novo.*

The appellant further argues that the note should be considered only as a pro rata payment on the contract, but this, in the view that we have taken of the effect of the release, cannot be done. It was general in its terms and in consideration of the surrender of the notes all demands were waived.

The judgment will be affirmed.

HOLCOMB, TOLMAN, MITCHELL, and MOUNT, JJ., concur.