[No. 19934.   Department One.   August 26, 1926.]

WILLIAM DONOVAN, *Appellant,* v. H. B. HALLOWELL, *et al., Respondents.*[1]

[1] EVIDENCE (153)—PAROL TO VARY WRITING—RECEIPTS OR RELEASE.
A formal instrument releasing and discharging a party from any and all debts, obligations, claims or demands of every nature, showing a complete and final settlement of all matters between the parties, is not open to parol evidence in explanation of its terms, as in the case of a receipt for money paid.

Appeal from a judgment of the superior court for King county, Oswald, J., entered November 25, 1925, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*John J. Sullivan* and *V. G. Frost,* for appellant.
*John F. Dore* and *F. C. Reagan,* for respondent.

ASKREN, J.—This is an action to recover upon a note and foreclose a mortgage given as security.

The answer admitted the execution of the note and mortgage, but alleged as an affirmative defense that the note in question was fully paid, as evidenced by a release in writing signed by the defendant. The reply admitted the execution of the release, but denied that it was intended to cancel the note sued on, and alleged that, if it did so by its terms, it was, to that extent, a mistake between the parties.

After trial, the court held that there was no substantial evidence to show that the release was executed in its present form through mistake of the parties, and therefore dismissed the action.

Plaintiff appeals, and urges as error the holding of the trial court that parol evidence was inadmissible to vary the terms of the instrument. Appellant insists that the document of release is a mere receipt and

[1]Reported in 248 Pac. 412.

therefore does not come within the rule of law applicable to contracts. The release is as follows:

"Know all men by these presents: That I, William Donovan, of the county of King, state of Washington, for and in consideration of the sum of one ($1.00) dollar and other good and valuable consideration, to me in hand paid by Herbert Hallowell, of the county of King, state of Washington, have released and forever discharged, and by these presents do, for myself, my heirs, executors and administrators, release and forever discharge the said Herbert Hallowell of and from all, and all manner of actions and causes of actions, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, which against the said Herbert Hallowell I ever had, or now have, or which I, or my heirs, executors may have by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of these presents.

"In witness whereof I have hereunto set my hand and seal this 8th day of February, A. D. 1924.

(Seal)                          "William Donovan.
"Witness,
"R. P. Oldham."

[1]  Many cases are cited by appellant, but we think it unprofitable to here review them, inasmuch as an inspection will show that the decision in each case has been controlled by the court's determination of the character of the release.

From an examination it would appear that, if the release is such as to appear upon examination to be a mere receipt for money, such as are regularly issued by the thousands in every-day commercial life, the courts generally have ruled that parol evidence is admissible to vary the terms. This, presumably, upon the theory that the instrument shows that it is not the result of any negotiations between the parties and is

issued merely as evidence of payment of a sum of money. But, if the document be drawn with such care and precision that it shows by its terms that it represents an agreement between the parties and defines their contractual relations with reference thereto, it will be construed as a contract, and parol evidence held inadmissible.

It must be admitted that the decisions upon this question are not as clearly distinguishable as might be wished for, and attention was called to this fact in the case of *Shannon v. Prall*, 115 Wash. 106, 196 Pac. 635, where we quoted approvingly from *Jackson v. Ely*, 57 Ohio St. 450, 49 N. E. 792:

" 'The line that divides receipts open to parol explanation from written contracts to which nothing can be added to or taken from by parol evidence, has not been satisfactorily established, and cases can be found, which it is extremely difficult, if not impossible, to reconcile.' "

See, also, *Clark v. Waneta Power Co. Ltd.*, 133 Wash. 1, 233 Pac. 21.

It would be hard to draw a more complete contract between two people than is contained in the release. While it does not specify any particular claim or thing released, it uses words generally used by the members of the bar when it is intended to include every matter of claim between the parties. We think such a release and agreement not subject to parol evidence.

An examination of the evidence does not show that there was a mutual mistake between the parties in the execution of the instrument, and, therefore, the court properly held it a complete release of the note sued upon.

Judgment affirmed.

Tolman, C. J., Holcomb, Bridges, and Fullerton, JJ., concur.