[No. 22299.   Department One.   May 27, 1930.]

.ANNA McCLURE, *Appellant*, v. CALISPELL DUCK CLUB, *Respondent*.[1]

*R. L. Edmiston*, for appellant.
*Danson, Lowe & Danson*, for respondent.

TOLMAN, J.—Appellant, as plaintiff, brought this action to recover damages alleged to have been caused by erection of a dam across the outlet of Calispell

[1]Reported in 288 Pac. 217.

lake in Pend Oreille county in 1926, thus raising the water level of the lake and so flooding and raising the water table under one hundred twenty acres of natural meadow land adjacent to the lake belonging to her as to destroy its productivity.

Appellant avers that she has thus suffered irreparable loss, and prays that the dam be abated as a nuisance; that the defendant be restrained from maintaining the same, and that she be given a money judgment for the value of two years' crops already lost, and for the value of the prospective crops for two years to come, which amount of time she alleges will be required to restore the meadow to its former condition. She also demands damages by reason of the depreciation of the value of her farm as a whole caused by the flooding.

The defendant denied all of the material allegations of the complaint which would affect its liability, and pleaded affirmatively the statute of limitations, a permanent easement by adverse possession and what amounted to compromise and settlement and *res judicata*.

Plaintiff demanded a jury trial, which demand was denied, and the cause was tried to the court as an equitable action, resulting in a judgment of dismissal, from which the plaintiff has appealed.

The first error assigned is based upon the refusal of the demand for a jury trial. Appellant seems to have considered this an equitable proceeding when she drafted her complaint; but, in any event, the view at which we have arrived upon the merits, after a study of the record, makes this question now immaterial as, had a jury been impaneled, the court would have been fully justified in taking the case from the jury or directing a verdict in respondent's favor upon one or both of the grounds hereinafter mentioned.

138

■ It is also urged that the trial court erred in refusing to make findings of fact. Findings by the trial court might have made the appeal less burdensome to the appellant, and most certainly would have been helpful in lightening our labors, but, since appellant chose to seek equitable relief along with a recovery of damages, she is not now in a position to complain because the trial court held that her action was one in equity.

Without findings we cannot know upon just what ground the trial court based his decision, but a careful reading of the record indicates that it is sustainable upon two grounds.

■ (1) Appellant wholly failed to show that a new dam was erected in 1926 or that the old dam was then raised. The evidence overwhelmingly establishes that the dam, as restored in 1926, was the same height and the same in its effect as the dam which had there existed for some fifteen years previously. The spillways of this dam had a height of 2,030.5 feet above sea level, and, by means of flash boards, could be raised to a height of 2,033 feet. Flash boards were used only during the fall hunting season from October 1 to January 1, and if, by their use, appellant's lands were in any part flooded or the subsurface waters under them raised, there is no word of convincing evidence in the record from which court or jury could conclude that any injury followed therefrom.

During the spring freshets, lasting into July or perhaps sometimes in August, appellant's lands were necessarily flooded six to ten feet deep by the backing up of the Calispell river, the outlet of Calispell lake, caused by the diking and drainage system installed at its mouth to protect against floods from the Pend Oreille river; and it rather clearly appears that the dam in question had no effect whatever upon that

situation. Test holes showed that the subsurface waters drained toward the lake, and, since appellant at all times claimed that her meadow grasses grew under the spring floods, and were ready for harvest in a month after those floods receded, and were harvested usually in September of each year, we can find no substantial support for her claim that the fall flooding caused by the use of the flash boards on respondent's dam destroyed her meadow or in any way injuriously affected it, especially as, with the flash boards in place, only 17.38 acres of her land were below the water level; and, as she claims the destruction of meadow grasses upon some one hundred and twenty acres, it is apparent that the cause must be found elsewhere.

(2) Since it thus appears that the judgment is sustainable upon the theory that the plaintiff failed to establish a cause of action and that the judgment must be affirmed, a further discussion is unnecessary.

We are, however, satisfied that the defense of compromise and settlement and *res judicata* was also established. Briefly stated, that issue was raised by pleading and proof to the effect that a prior suit of similar nature between the same parties (though charging loss of crops in previous years) was settled and compromised in the year 1921 by the payment of a substantial sum of money. True, it appears that, by an amended complaint in that case, the damages for permanent depreciation were abandoned, and relief was sought only for loss of crops during certain specified years, but the stipulation entered into at that time recites:

"Therefore it is agreed that all matters and differences existing between the plaintiff and defendant and the cause of action set forth in the complaint . . . are hereby fully settled and said action shall be dismissed . . ."

Upon this stipulation, a judgment of dismissal with prejudice was entered.

We think, notwithstanding the amended complaint, which abandoned, for the time, a part of the controversy between the parties, that controversy was known to exist, and the language of the stipulation is broad enough to cover all known rights, claims and demands whether then in suit or not. The very language of the stipulation indicates that something more than what was then involved in the pending action was being settled, otherwise the conjunctive "and" would not have been used. This subject was rather fully discussed in *Shannon v. Prall,* 115 Wash. 106, 196 Pac. 635, and we think the rule there announced covers a situation such as this.

It follows that the judgment must be, and it is, affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.