[No. 2265-1.    Division One.    July 8, 1974.]

DONALD BAROVIC, *Appellant,* v. COCHRAN ELECTRIC CO., INC., *et al., Respondents.*

*Schneider, Smythe, Salley & Van Siclen* and *Robert C. Van Siclen,* for appellant.

*Lycette, Diamond & Sylvester, Josef Diamond, Lyle L. Iversen,* and *Craig S. Sternberg,* for respondents.

FARRIS, J.—Donald Barovic, d/b/a Pacific Core Drilling Company, appeals from an order granting summary judgment in favor of Cochran Electric Company, Inc.

The parties agree that in August 1971, Barovic and Cochran Electric entered into a contract for labor to be performed by Barovic on a navy construction contract at Ault Field on Whidbey Island, Washington. The work consisted of core drilling 216 light base holes for pan lighting on a runway at Ault Field. This included saw cutting approximately 6,000 feet of concrete to accommodate wires for the pan lights and other additional work as directed by the contractor, including the cutting of approximately 2,000 feet of asphalt and the drilling of thirty 2½-inch holes.

Following the completion of the project, a dispute arose over whether Barovic had agreed to do the work for the lump sum of $7,000 as set forth in the purchase order submitted by Cochran Electric or whether Barovic, upon receipt of this purchase order, immediately contacted Cochran Electric and orally agreed with Cochran Electric that the work would be completed for cost incurred plus 10 percent overhead, plus 10 percent profit. Barovic submitted a bill for $19,783.01 based on cost plus profit; however, Cochran Electric claimed it had fulfilled the agreement because it had paid during the course of the work $7,000 plus $1,226.45 for an "agreed extra."

Cochran Electric argues that the purchase order calling for the contract to be done for the lump sum of $7,000 was accepted by Barovic and, once accepted, the purchase order became the total contract. The purchase order included the provision:

> Advise promptly if you cannot fill this order. Confirm items backordered in writing and list projected shipping date. Drop shipment from manufacturer must include reference to our purchase order number. Terms and conditions on the reverse side hereof constitute a part of this order.

The reverse side of the purchase order states in part:

> The following provisions are hereby made a part of the general purchase order contract, and vendor by his acceptance of this order agrees thereto.
> 1. No alteration in any of the terms, conditions, delivery, price, quality, quantities or specifications of this order will be effective without consent of the buyer.

The trial court concluded that the purchase order was the complete contract; that parol evidence is not admissible to vary the terms of a written contract and therefore there was no material issue of fact to be decided. It granted Cochran Electric's motion for summary judgment. Barovic appeals. We reverse.

The sole issue on appeal is whether the trial court erred in ruling that the cause of action does not involve a genuine issue of material fact.

■ The object and function of the summary judgment procedure is to avoid a useless trial; however, a trial is not useless but is absolutely necessary where there is a genuine issue as to any material fact. *Preston v. Duncan*, 55 Wn.2d 678, 349 P.2d 605 (1960).

■ In *Diel v. Beekman*, 1 Wn. App. 874, 879, 465 P.2d 212 (1970), we held:

> [T]he legal basis for the parol evidence rule is the theory of integration. A writing *intended* to supersede earlier and contemporaneous expressions is given that effect. This does not mean, however, that simply because there is a written agreement, other evidence will not be considered as a preliminary matter. . . .
> Thus, before the parol evidence rule can be applied, the court must hear all extrinsic evidence and determine if the parties *intended* that the written agreement be the complete integration.

Further, in *Lynch v. Higley*, 8 Wn. App. 903, 909, 510 P.2d 663 (1973), we approved the statement in 3 A. Corbin, *Contracts* § 573 (1950):

> "The use of such a name for this rule [parol evidence rule] has had unfortunate consequences, principally by distracting the attention from the real issues that are involved. These issues may be any one or more of the following: (1) Have the parties made a contract? (2) Is that contract void or voidable because of illegality, fraud, mistake, or any other reason? (3) Did the parties assent to a particular writing as the complete and accurate 'integration' of that contract?
> "In determining these issues, or any one of them, there is no 'parol evidence rule' to be applied. On these issues, no relevant evidence, whether parol or otherwise, is excluded. No written document is sufficient, standing alone, to determine any one of them, however long and detailed it may be, however formal, and however many may be the seals and signatures and assertions. No one of these issues can be determined by mere inspection of the written document."

Whether the purchase order here was intended by the parties to be the sole agreement is a disputed question of

fact. Barovic must be given the opportunity to prove, if he can, that it was the intent of the parties that the purchase order be supplemented by an oral agreement. If the trial court finds from all the evidence that it was the intent of the parties that the purchase order was the completely integrated contract, parol evidence is not admissible. If, however, the trial court finds that it was the intent of the parties that the integration was not complete, then parol evidence is admissible. The intent of the parties is the disputed question of fact which must be resolved by the introduction of evidence.

Accordingly, the order granting summary judgment is reversed and the cause remanded for trial.

SWANSON, C.J., and CALLOW, J., concur.