[No. 3597–2–III.   Division Three.   February 3, 1981.]

SPOKANE HELICOPTER SERVICE, INC., *Appellant,* v.
CHARLES O. MALONE, ET AL, *Respondents.*

*John W. Sweet* and *Sweet, Dussault & Neff,* for appellant.

*R. Max Etter, Jr., Layman, Mullin & Etter,* and *George W. Young,* for respondents.

GREEN, J.—On August 9, 1977, Spokane Helicopter Service, Inc., the plaintiff, brought this action against the defendants, Charles Malone and Anthony Lewis, d/b/a M & L Company, Custom Masonry, Inc., and Birten and Joy Arsenault, to recover damages resulting from a fire. Defendants Arsenault and Custom Masonry answered, alleging the action was foreclosed by a release of all claims executed between the parties. The trial court granted a motion by these defendants for summary judgment based upon the release and a judgment of dismissal was entered following a CR 54(b) finding. Spokane Helicopter appeals. We reverse.

The following facts are not disputed. Clifford Richey is the president of Spokane Helicopter Service, Inc. This corporation was originally formed by six principals, one of whom was the defendant, Mr. Arsenault. The business experienced financial difficulties and eventually the shareholders decided to sell their holdings to Mr. Richey. Mr. Richey became the sole owner of the corporation in exchange for his making monthly payments to a trust which Mr. Arsenault distributed for the benefit of all the shareholders. On December 10, 1975, Mr. Richey and Mr. Arsenault entered into the following handwritten agreement, apparently on behalf of themselves and their respective principals:

December 10, 1975
3:35 PM
It is hereby understood and agreed by and between B T Arsenault and Clifford D. Richey that they have arrived at a compromised settlement of all accounts, setoffs, counter claims and charges now existing between

them and both parites [*sic*] agree that Richey is indebted to Arsenault in the amount of $7000.00; that when said sum is fully paid, Arsenault will deliver to Richey a Bill of Sale for one Bell Helicopter J489E. Until said [$]7000.00 is fully paid Richey will keep the aircraft fully insured in the name of Arsenault with the understanding that the sum due to Arsenault will be fully paid with accrued interest from any insurance proceeds with the balance thereof to be paid to Richey.

It is mutually understood and agreed that the said [$]7000.00 will be paid in monthly payments of not less than $520.00 per month commencing February 15, 1976 with interest at 12% per annum on the declining baance [*sic*].

> B. T. Arsenault
> Clifford D. Richey

On March 25, 1976, a fire occurred in the office and warehouse building owned by Mr. Arsenault. A portion of the building was leased to Spokane Helicopter. The fire destroyed most of the building and its contents, including the Bell helicopter described in the December agreement. Consequently, on May 25, 1976, Mr. Arsenault and Mr. Richey met at the insurance underwriter's office where the insurance proceeds for this helicopter were paid in accordance with the agreement. At that time, the parties signed a document entitled "Release" which had been prepared by an attorney who represented both Spokane Helicopter and Mr. Arsenault. It provided:

> FOR AND IN CONSIDERATION of the mutual benefits to be derived by all parties thereto, and in further consideration of the payment of $6,099.10 paid by Second Parties to First Parties it is hereby stipulated and agreed as follows:
>
> First Parties hereby waive any and all sales which they may now or at any time in the future assert against Second Parties; and Second Parties hereby waive any and all claims which they may now or at anytime assert against First Parties, regardless of the kind or nature of any such claims and regardless of the basis upon which any claims may be asserted.

The facts surrounding the execution of the release and what it was intended to cover are in dispute.

Mr. Richey, in his affidavit in opposition to the motion for summary judgment, stated it was his understanding that the release "was to take care of prior business transactions only"; the $6,099.10 recited in the release was the balance due the Arsenaults and Custom Masonry under their December 10, 1975, settlement agreement; he did not understand or intend that the document in any way affect his rights arising from the fire; he had no discussions with Mr. Arsenault regarding any claims he might have arising from the fire and did not know he had a claim against these defendants at the time he signed the release; and, finally, he did not request that the release be drawn or that the attorney be present at the office where the insurance proceeds were paid.

To the contrary, in his deposition, Mr. Arsenault stated it was his intention that the release settle all matters between the parties, including claims that might arise because of the fire. He submitted the deposition of his secretary, who stated that Mr. Richey had told her, "He was going to sue somebody, he didn't care who it was." In his deposition, Mr. Arsenault stated that any possible claim Mr. Richey might have against him was "prevalent in my mind at the time of signing the document." The parties, however, did not meet prior to signing the release. The attorney's deposition indicates he did not "know all that was going on between them", but both Mr. Richey and Mr. Arsenault wanted the release prepared and it was read to them and signed in his presence.

Based on the depositions, affidavits and briefs, the trial court found no genuine issue of material fact existed because the release as a matter of law barred Spokane Helicopter's claim. Accordingly, the Arsenaults and Custom Masonry were granted summary judgment. The propriety of this order presents the sole issue on appeal.

In support of the summary judgment, defendants contend that since the release is clear, unambiguous and general in nature, parol evidence is not admissible to show whether the parties contemplated the release of claims arising from the fire. The language waiving "any and all claims which they may now or at any time in the future assert" is clear and thus bars the claim of fire loss.[1] Therefore, a genuine issue of material fact does not exist and summary judgment was properly granted.

To the contrary, Spokane Helicopter in effect contends that the December 1975 compromise agreement and the release are part of an integrated transaction; the only contemplated purpose of the release was to conclude the transaction described in the December agreement. It was not intended to apply to other losses resulting from the fire. It is further claimed that Mr. Richey did not know he had a claim against defendants when the release was executed. It is argued that parol evidence is admissible to resolve these material issues and summary judgment should not have been granted. We agree.

■■ It is well established that in the absence of accident, fraud, or mistake, parol evidence is not admissible for the purpose of contradicting, subtracting from, adding to, or varying the terms of an unambiguous written instrument. *Fleetham v. Schneekloth,* 52 Wn.2d 176, 179, 324 P.2d 429 (1958); *Grant County Constructors v. E.V. Lane Corp.,* 77 Wn.2d 110, 459 P.2d 947 (1969); *Maxwell's Elec., Inc. v. Hegeman–Harris Co. of Canada, Ltd.,* 18 Wn. App. 358, 366, 567 P.2d 1149 (1977). However, there are circumstances where this rule is not applicable. A "court may always consider the surrounding circumstances leading up

---

[1]Mr. Arsenault relies upon: *McClure v. Calispell Duck Club,* 157 Wash. 136, 288 P. 217 (1930); *Bakamus v. Albert,* 1 Wn.2d 241, 95 P.2d 767 (1939); *Schwieger v. Harry W. Robbins & Co.,* 48 Wn.2d 22, 290 P.2d 984 (1955); *Pepper v. Evanson,* 70 Wn.2d 309, 422 P.2d 817 (1967). However, the cases cited are distinguishable because (1) the releases specifically referred to the subject matter of the claim being considered by the court; and (2) the decisions did not involve the question of whether the releases were the second part of a 2–agreement transaction.

to the execution of an agreement, not to evidence an intent contrary to that expressed in the agreement, but to place the court in the same position as the parties." *Vance v. Ingram,* 16 Wn.2d 399, 411, 133 P.2d 938 (1943); *Shannon v. Prall,* 115 Wash. 106, 112, 196 P. 635 (1921). Parol evidence is admissible to explain ambiguities or supply material omissions in a writing. *Dennis v. Southworth,* 2 Wn. App. 115, 120, 467 P.2d 330 (1970). Parol evidence is also admissible to determine if the parties intended that a writing be a complete and accurate integration of their agreement. *Lynch v. Higley,* 8 Wn. App. 903, 510 P.2d 663 (1973); *Barovic v. Cochran Elec. Co.,* 11 Wn. App. 563, 565, 524 P.2d 261 (1974). Where there are more than one written document that relate to the same subject matter, are not inconsistent with each other and appear to be executed as part of the same transaction, they may be considered together to determine the parties' intent. *Paine–Gallucci, Inc. v. Anderson,* 41 Wn.2d 46, 50, 246 P.2d 1095 (1952); *Maxwell's Elec., Inc. v. Hegeman–Harris Co. of Canada, Ltd., supra* at 367. Finally, "a court of equity will limit a general release to matters contemplated by the parties at the time of its execution, . . . *but* that rule is not controlling when the release refers specifically to the matter being considered by the court . . ." *Pepper v. Evanson,* 70 Wn.2d 309, 313, 422 P.2d 817 (1967).

Construing the record in a light most favorable to the nonmoving party, a genuine issue of material fact exists as to what the parties contemplated when they executed this release. The release does not specifically refer to damages arising from the fire. Instead, it recites the payment of $6,099.10. No mention is made of the subject matter which prompted this payment. This was a material omission and parol evidence was admissible to explain what was intended by the payment. The record indicates that the parties' intent is in sharp conflict. Spokane Helicopter asserts that the parties met at the insurance adjuster's office and the release was signed to evidence final payment for the shares in Spokane Helicopter. It claims that the $6,099.10 was

computed from the $7,000 recited in the December agreement less two monthly payments plus interest. The defendants claim the payment was made in exchange for a release of all claims between the parties including all losses from the fire. The parties also disagree over whether there was consideration for the release beyond that stated in the writing. These conflicts create questions of material fact that must be resolved by a trial. For these reasons, we conclude that summary judgment was improvidently granted.

Reversed.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied March 3, 1981.

Review denied by Supreme Court May 8, 1981.