Richard W. RINGWOOD, Plaintiff
and Appellant,

v.

FOREIGN AUTO WORKS, INC., a Utah
corporation, et al., Defendants and
Respondents.

No. 18249.

Supreme Court of Utah.

Sept. 28, 1983.

Nick J. Colessides, Salt Lake City, for plaintiff and appellant.

Paul J. Toscano, Robert C. Fillerup, Orem, for defendants and respondents.

STEWART, Justice:

Richard Ringwood, the plaintiff in this action, held 15,000 shares in Foreign Auto Works, Inc. (FAW) as a result of a merger between FAW and Ringwood, Inc. in 1976. In 1978, Mr. Ringwood and FAW agreed with the defendants, Mr. and Mrs. Poggio and Mr. Frances, that the defendants would purchase Ringwood's shares for $100,000,[1] and the defendants signed a promissory note in October, 1978 for that amount. Subsequently, on November 8, 1978 the parties entered into a written agreement for the sale and purchase of the stock. That agreement contained numerous provisions similar to those contained in the promissory note. The promissory note, the November agreement, and the share certificates were placed in escrow. Ringwood was paid $20,-000 over the next year, but then the required annual payments were discontinued, and Ringwood filed this suit based solely on the promissory note. The trial court ruled against the plaintiff on the ground that the November agreement superseded the promissory note sued on. We affirm.

On appeal, Ringwood asserts that judgment should have been entered on the promissory note because the November agreement did not supersede the promissory note and that the existence of the promisso-

---

1. The apparent purchaser in the transaction was FAW. The trial court stated, however, "that the real parties and purchasers under Exhibit 22 [the November agreement] were the defendants Poggio and Frances and that the corporate defendant was named purchaser in an attempt to evade taxes."

ry note in the escrow indicated the intent of the parties not to integrate that note into the November agreement.[2]

▮ Whether a written agreement is an integrated agreement and supersedes a prior written agreement depends upon the intent of the parties. *Bullfrog Marina, Inc. v. Lentz,* 28 Utah 2d 261, 501 P.2d 266 (1972); 1 *Corbin on Contracts* § 31 at 124; vol. 3, § 582 at 451, 455–57 (1960). *See Aird Insurance Agency v. Zion's First National Bank,* Utah, 612 P.2d 341 (1980). In determining whether an agreement was intended to supersede a prior agreement, a court may consider extrinsic evidence as to the circumstances of the transaction, including the purpose for which the contested agreement was made. *Bullfrog Marina, Inc. v. Lentz, supra; Brust v. McDonald's Corp.,* 34 Wash.App. 199, 660 P.2d 320 (1983); *Katseanes v. Yamagata,* 103 Idaho 773, 653 P.2d 1185 (1982); 1 *Corbin on Contracts* § 31 at 124; vol. 3, § 582 at 451, 455–57 (1960).

Notwithstanding the existence of a merger clause, the trial court admitted the promissory note, heard the testimony of both parties, and admitted other extrinsic evidence on the issue of whether the November agreement was intended to be an integrated contract and supersede the prior note.[3] Based on an evaluation of the extrinsic evidence, the trial court ruled that the November agreement superseded the promissory note.

▮ Since the issue of whether a contract is integrated is a factual question, the trial court's determination will be sustained on appeal if there is substantial evidence to support it. *Bullfrog Marina, Inc. v. Lentz,* 28 Utah 2d 261, 501 P.2d 266 (1972); 3 *Corbin on Contracts* § 582, at 457 & n. 86 (1960). *See also Ute-Cal Land Development v. Intermountain Stock Exchange,* Utah, 628 P.2d 1278 (1981); *Berkeley Bank for Cooperatives v. Meibos,* Utah, 607 P.2d 798 (1980); *Elton v. Utah State Retirement Board,* 28 Utah 2d 368, 503 P.2d 137 (1972).

The November agreement contains many of the same or similar provisions found in the promissory note. The implication that arises from the note and the agreement when read together is that the promissory note was prepared in anticipation of the more complete November agreement and that the latter was intended to supersede the note. Furthermore, correspondence between the parties' attorneys indicates that the November agreement was intended to be the final settlement of a controversy between the parties.

Ringwood's contention that the November agreement was not intended to supersede the promissory note rests on the fact that the promissory note was placed in the escrow account with the agreement. The record is not clear as to why the note was

---

**2.** The trial court found that the November agreement superseded the promissory note; however, on appeal both parties argue the issues of integration and novation. The terms integration, merger, superseding, and substitution all involve the effect of evidence extrinsic to the contract, but the terms may or may not be used interchangeably. A brief summary of the terms is stated in J. Calamari and J. Perillo, *The Law of Contracts* § 21–13 (1977):

> In a broad sense any time a contract supersedes and incorporates all or part of an earlier agreement it may be said that the earlier agreement is merged into the later. In this sense a substituted contract results in a discharge by merger. Also an earlier tentative agreement is merged into an integration. [Footnotes omitted.]

The term integration is often used by authors when referring to the parol evidence rule, and the terms merger, substitution, and supersed-

ing are often used in reference to the discharge of duties. 1 *Corbin on Contracts* §§ 573, 574, 1319 (1960); *Williston on Contracts* §§ 631, 811 (1961 3rd ed.); J. Calamari and J. Perillo, *The Law of Contracts* §§ 3–2, 21–13 (1977).

In this case, we do not need to decide which term applies. Extrinsic evidence was admitted at Ringwood's request, but it was insufficient to convince the trial court that the November agreement was not controlling.

**3.** The November agreement states that the agreement constitutes the entire agreement between the parties:

> 16. The parties herein have not made any representations, warranty, or covenant, not set forth herein and this agreement constitutes the entire agreement between the parties.

not cancelled or destroyed. Concededly, the placing of a note that is no longer valid in escrow along with an integrated agreement intended to supersede that note cannot revive the note, but it does seem unusual under the circumstances.[4] Indeed, it tends to support appellant's theory, especially since the defendants do not offer an explanation as to why the promissory note was included in the escrow.

 Nevertheless, that single fact does not control the result. The trial court was, of course, aware of that fact, but found it insufficient to overcome the other evidence establishing integration. Because there is sufficient evidence to support the trial court's finding, it will not be set aside.

No appeal has been taken from the trial court's finding that the officers at FAW, and not the corporation, were the purchasers of the stock; therefore, that issue is not before the Court.

Affirmed. Costs to respondents.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.

---

4. Williston states one reason why a note and a subsequent agreement might be retained:

There is a practical reason why parties who make negotiable paper with additional oral agreements should adopt that course rather than put the whole agreement into one writing. If a collateral agreement is written on the instrument it ceases to be negotiable, and the parties frequently desire that the features of a negotiable instrument shall be retained. [Footnotes omitted.]

4 *Williston on Contracts* § 644 at 1114 (3d ed. 1961). The plaintiff offered no evidence of such an intent in this case.