Dillon SMITH, Plaintiff and Appellant,

v.

**UTAH CENTRAL CREDIT UNION,**
**Defendant and Respondent.**

No. 20754.

Supreme Court of Utah.

Oct. 20, 1986.

George B. Handy, Ogden, for plaintiff and appellant.

John E. Cawley, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff Dillon Smith brought this action to recover funds deposited to a joint savings account and withdrawn by his wife. He alleges that defendant credit union failed to honor his telephone request that no money be withdrawn by her without his approval. Defendant denied any such agreement with plaintiff, and the case was tried to the court below. We affirm the judgment against plaintiff.

Since 1970, plaintiff had maintained in the Utah Central Credit Union a joint savings account with his wife. Withdrawal from the account could be made by either person. He testified at trial that in 1983, when he learned his wife had made cash withdrawals for gambling, he called the credit union and, upon his request, was assured that no more withdrawals would be allowed without his signature in addition to Mrs. Smith's. Several weeks later by a telephone request, Mrs. Smith withdrew the balance of $10,212 in the account. There was no evidence as to how she used that money. Withdrawal of funds by only a telephone request is a common procedure of the credit union.

Mrs. Gifford, an officer and the supervising employee of the credit union, denied that the credit union had received such a request from plaintiff. She testified that she had received numerous phone calls from Mrs. Smith expressing a fear that her husband would close the account and leave her without any funds. According to Mrs. Gifford, it was Mrs. Smith (and not plaintiff) who telephoned to request that no withdrawals by her husband be allowed without her prior approval. After agreeing to accommodate Mrs. Smith, Mrs. Gifford recorded her handwritten notation on the

account's signature card: "Requires *both* signatures for withdrawal" and "by Mrs. Smith 4/27/83." [1] The employee testified that the words "by Mrs. Smith 4/27/83" were written later on the card to emphasize that the request was made by Mrs. Smith. Later Mrs. Smith again called defendant's office stating that her attorney had advised her to withdraw the balance and close the account. After checking her notation on the signature card, Mrs. Gifford sent a check to Mrs. Smith for the balance of the account.

Plaintiff argues that the trial court erred in failing to enforce the alleged telephone commitment by defendant not to allow account withdrawals by Mrs. Smith without his prior approval.

Plaintiff and Mrs. Gifford were the only witnesses at trial, and their testimony as to any oral agreement between them was flatly contradictory. In ruling in defendant's favor, the trier of fact accepted defendant's evidence and rejected plaintiff's.

With respect to joint and other multiple-party accounts, section 75–6–108 [2] permits a financial institution (in this case, the credit union) to pay on request, to any one or more of the parties to the account, regardless of the source of the funds. Furthermore, section 75–6–112 provides, in part:

> Payment made pursuant to section 75–6–108 ... discharges the financial institution from all claims for amounts so paid.... The protection here given does not extend to payments made after a financial institution has received *written* notice from any party able to request present payment to the effect that withdrawals in accordance with the terms of the account should not be given ....

(Emphasis added.)

Notwithstanding his failure to give defendant written notice to restrict withdraw-als from the account, plaintiff claims that the terms of the account were modified by an oral agreement with defendant when he telephoned. He further argues that the handwriting on the signature card establishes his alleged agreement. In essence, he maintains that we should disregard the trial court's findings in favor of plaintiff's conflicting evidence.[3]

■ The difficulty with plaintiff's argument is that the evidence was conflicting at trial as to whether the credit union received such a call and whether it ever agreed with plaintiff to restrict Mrs. Smith's right to withdraw from the account. Clearly, the trial court accepted defendant's testimony on these factual issues and not plaintiff's. *See FMA Financial Corp. v. Hansen Dairy, Inc.*, 617 P.2d 327, 328 (Utah 1980). There was sufficient evidence for the court to find that the notation on the account signature card was made at the request of Mrs. Smith and for her benefit. The trial court was not persuaded that plaintiff carried his burden of proof that there had been a modification of the contract at plaintiff's request to which the credit union had agreed.

■ When an appellant challenges the failure of the trier of fact to accept his version of the facts, our review is strictly limited. We view the evidence and its inferences in a light most favorable to the judgment and findings. They will not be disturbed when based upon substantial, competent, admissible evidence. *Kimball v. Campbell*, 699 P.2d 714 (Utah 1985). When the evidence conflicts, we necessarily give deference to the fact finder and acknowledge his advantageous position vis-a-vis the witnesses, the evidence, and the parties. *DeVas v. Noble*, 13 Utah 2d 133, 137, 369 P.2d 290, 293 (1962). Accordingly,

---

1. Different parts of the handwriting are recorded in different colored ink.

2. All references herein are to U.C.A., 1953, as amended (1978 ed.).

3. Plaintiff's claim is premised upon his alleged oral contract with defendant. No claim is made by plaintiff that defendant breached its written agreement by allowing a telephone withdrawal without a signature. Nor does plaintiff argue that because of the agreement made between defendant and Mrs. Smith, plaintiff's signature was required as a condition precedent to a withdrawal of funds by Mrs. Smith.

because the evidence is sufficient to support the determination of the court below, we do not undertake to reweigh the evidence or redetermine the facts. We will not disturb the trial court's determination that there was no agreement between the parties as alleged by plaintiff. *See Ringwood v. Foreign Auto Works, Inc.,* 671 P.2d 182 (Utah 1983).

Although plaintiff might have a remedy against a joint party to the account for recovery of the funds withdrawn, we are not convinced that he should recover from defendant based on the facts found by the court below. Nor have we been persuaded that the findings and judgment are not supported by substantial evidence.

The judgment is affirmed.

HOWE, J., dissents.